IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SHANTA MILES, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-00160-JAG |
| ) | |
| RICHMOND REDEVELOPMENT & ) | |
| HOUSING AUTHORITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## FINAL ORDER APPROVING CLASS SETTLEMENT

This case is presently before the court on the plaintiffs' motion for final approval of a class settlement reached with the Richmond Redevelopment and Housing Authority ("RRHA"). The court held a hearing on the plaintiffs' motion for preliminary approval on February 15, 2018. After considering the motion, the supporting memorandum and declarations, the terms of the settlement agreement filed on February 6, 2018 (the "Settlement Agreement") (Dkt. 19), the court granted preliminary approval by Order dated March 7, 2018 (Dkt. 25). The court held a hearing on plaintiffs' motion for final approval on July 10, 2018. Having reviewed the prior Order and the supporting memorandum and declarations for final approval, it is hereby

**ORDERED**

as follows:

1. Based on this court's prior order, the class definition of the Settlement Class remains as:

   All current and former Richmond public housing residents since November 1, 2012, through October 31, 2016, who were subject to

the Richmond Redevelopment and Housing Authority's (RRHA's) procedures regarding utility allowances and late fees.

2. The court finds that the terms of the Settlement Agreement are (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the action; (b) free of collusion to the detriment of the members of the Settlement Class; (c) are approved.

3. The terms are fair, reasonable, and adequate because they were the result of arms-length negotiation between the parties conducted over a series of mediations with a qualified private mediator and Magistrate Judge of this court, return to class members approximately 22% of the dollars charged in alleged violation of law, provide for prospective relief, provide for incentive awards to the class representatives consistent with their participation, and provide for attorneys' fees and costs as allowed by law. Furthermore, only two class members opted out of the settlement and the only two objections filed raised circumstances unique to that individual not pertinent to the class.

4. Plaintiffs Shanta Miles, Kathy and Joseph Allen, Jacqueline Turner, Cenquetta Harris, and Cora Hayes remain as Class Representatives for the Settlement Class. Based upon information provided by Kathy Allen, her husband Joseph Allen passed away after commencement of this litigation. See Exhibit 1.

5. The following law firm and attorneys remain as Class Counsel for the Settlement Class:

Sylvia Cosby Jones, VSB No. 35870
Brenda Castañeda, VSB No. 72809
Mary DeVries, VSB No. 88186
Marcellinus L.M.B. Slag, VSB No. 29833
LEGAL AID JUSTICE CENTER

123 East Broad Street
Richmond, VA 23219
(804) 643-1086

Thomas D. Domonoske, VSB No. 35434
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
(757) 930-3660

6. If, for any reason, the Settlement does not become effective, this approval order shall be null and void.

### Prospective Relief for Tenants

7. Prospective relief began voluntarily on November 1, 2016 and its continuation becomes a material term of this agreement on the day final court approval is given, including any approval from the U.S. Department of Housing and Urban Development.

8. If no appeal is filed from a final order in this case, then thirty days after entry of a final judgment approving this class settlement, the terms of this prospective relief shall take effect.

9. Utility allowances shall be based on the historical consumption study conducted by The Nelrod Company in 2016, retroactive to November 1, 2016.

(Dkt. No. 21-1.)

10. RRHA, having voluntarily implemented utility allowances based on the 2016 study beginning January 2017, and as a result of its retroactive implementation, current and certain former tenants shall be entitled to a total of $105,508.60 in credits and payments for electricity use during the months of November and December 2016.

11. The RRHA utility allowances will be implemented retroactively to November 1, 2016 and continue for a period of three (3) years, subject to any HUD-mandated methodology to the contrary.

12. RRHA shall implement revised individual relief policies and procedures for tenants who are elderly, disabled, or otherwise have special needs for usage of electricity beyond their control.

13. RRHA shall further notify tenants of the right to request relief upon their admission into the public housing program, at their initial lease execution and at their annual recertification appointments. This notification shall be in writing and will state the right to challenge the denial of any request for relief in accordance with the RRHA's grievance procedure. RRHA shall notify tenants about the relief procedures and the contact staff person by posting the information in the management office, publishing it in the Admissions and Continued Occupancy Policy ("ACOP") and by providing a notification at each lease reading or renewal.

14. RRHA shall modify its utility bills so that tenants are given specific information about the dates and readings of the submeters at the beginning and at the end of the period for which the bill is rendered, the amount of their kilowatt hour allowance, usage, overage, and the surcharge, in an agreed-upon format.

15. RRHA shall amend its lease to accurately inform tenants how they will be charged for excess utility usage, shall include in the lease the tenant's utility allowance, and shall amend its lease to ensure that late fees and other non-rent charges are not treated as rent.

16. RRHA shall determine whether it is possible to shorten the amount of time between receipt of the Dominion bill and notice to tenants of the amount of any surcharge. If

billing timeframes are shortened by up to one month, the first bill thereafter will reflect 2 months of utility charges.

17. RRHA will cover the customer charge from Dominion that is currently billed only to tenants paying surcharges, so long as HUD will reimburse RRHA for these charges at the same rate it reimburses RRHA for other operating costs (currently at 85%). RRHA shall notify Class Counsel if HUD no longer reimburses RRHA for these costs.

18. RRHA shall ensure that staff are trained regarding utility billing procedures, tenant requests for relief from surcharges, and grievance procedures for contesting charges. RRHA shall provide Class Counsel with a training plan and agenda that will be used to train staff.

## Retroactive Relief for Former and Current Tenants

19. If no appeal is filed from a final order in this case, then 45 days after entry of a final judgment approving this class settlement, the terms of this retroactive relief shall take effect.

    The Class shall receive a gross recovery of $1,182,984.76 to be allocated as follows:

    a. $820,601.87 in retroactive relief to the accounts of the current and former tenants who were charged excess utility surcharges for usage between November 1, 2012, and October 31, 2016, with surcharge due dates from February 1, 2013, to January 1, 2017;

    b. $112,876.10 in retroactive relief to the accounts of current and former tenants who were charged late fees that were triggered by unpaid excess utility charges from February 1, 2013 to November 1, 2016; and

    c. $249,506.79 in retroactive relief to the accounts of current and former tenants who were overbilled due to billing errors for their electricity consumption from October 1, 2014, through November 1, 2016.

20. RRHA shall not bill any tenants for the net excess utility underbilling due to billing errors from October 1, 2014 through November 1, 2016, in the amount of $35,834.68 or any modified amount after all accounting errors have been resolved.

21. The $820,601.87 and the interest that accrues on it is to be distributed as follows:

    a.     $5,000.00 for incentive awards of $1,000.00 to each of the class representative households for pursuing the claims, for the expenses incurred attending meetings, mediations and hearings as well as personal time spent advancing the litigation, and the personal risk taken while speaking up for their rights; and

    b.     The amount remaining, $815,601.87, on a pro rata basis to class members based on the amount of excess utility charges assessed to the tenant's account for usage between November 1, 2012, and October 31, 2016, with surcharge due dates from February 1, 2013, to January 1, 2017.

    c.     For current tenants, the amount of their credit will be applied as a specific credit to his/her account for any past due amount; to the extent the credit exceeds any past due amount it will be carried forward as a credit to be used for future non-rent charges;

    d.     If a current tenant moves out before the credit on their account has been used, that tenant shall be entitled to a refund check in the amount of any unused portion of the credit, minus any outstanding balance at the time of move-out;

    e.    For former tenants, the amount of this credit will be applied against any debits (or money owed) by that tenant as reflected in RRHA's local accounting system;

    f.    For those former tenants where after applying this credit to any debits (or money owed), there exists a credit on that tenant's account, a refund will be sent to that tenant's best available address; and

    g.    For checks to former tenants, if the refund check sent has not been cashed within 90 days of the check issue date, RRHA shall keep that credit in their accounting system as a positive balance for seven (7) years to be available to be claimed by the former tenant if the tenant contacts RRHA; after seven (7) years, any unclaimed funds are to be placed into a separate energy efficiency fund administered by RRHA for the benefit of existing RRHA public housing residents who need assistance maintaining energy efficient homes.

22. The $112,876.10 in retroactive relief to the accounts of the current and former tenants who were charged late fees from February 1, 2013, to November 1, 2016, that were triggered by unpaid excess utility charges will be distributed on a pro rata basis to class members based on the population of tenants who were assessed a late fee during that time as follows:

    a.    For current tenants, the amount of their credit will be applied as a specific credit to his/her account for any past due amount; to the extent the credit exceeds any past due amount it will be carried forward as a credit to be used for future non-rent charges;

b. For former tenants, the amount of this credit will be applied against any debits (or money owed) by that tenant;

c. For those former tenants where after applying this credit to any debits (or money owed), there exists a credit on that tenant's account, a refund will be sent to that tenant's best available address; and

d. For checks to former tenants, if the refund check sent has not been cashed within 90 days of the check issue date, RRHA shall keep that credit on their accounting system as a positive balance for seven (7) years to be available to be claimed by the former tenant if the tenant contacts RRHA; after seven (7) years, any unclaimed funds are to be placed into a separate energy efficiency fund administered by RRHA for the benefit of existing RRHA public housing residents who need assistance maintaining energy efficient homes.

23. The $249,506.79 shall be distributed on a pro rata basis to class members based on the amount of net excess utility overbilling due to billing errors assessed to the tenant's account from October 1, 2014 through November 1, 2016 as follows:

a. For current tenants, the amount of their credit will be applied as a specific credit to his/her account for any past due amount; to the extent the credit exceeds any past due amount it will be carried forward as a credit to be used for future non-rent charges;

b. For former tenants, the amount of this credit will be applied against any debits (or money owed) by that tenant;

    c.    For those former tenants where after applying this credit to any debits (or money owed), there exists a credit on that tenant's account, a refund will be sent to that tenant's best available address; and

    d.    For checks to former tenants, if the refund check sent has not been cashed within 90 days of the check issue date, then RRHA shall keep that credit on their accounting systems as a positive balance for seven years to be available to be claimed by the former tenant if the tenant contacts RRHA to apply for public housing at a future date; after seven years, any unclaimed funds are to be placed into a separate energy efficiency fund administered by RRHA for the benefit of existing RRHA public housing residents who need assistance maintaining energy efficient homes.

24. For current tenants, if after applying all available credits to that tenant's account, there remains a debit (amount owed) for excess utilities on their account, the tenant will be offered a payment arrangement based upon the following requirements:

    a.    The tenant will be required to make down payment of 5% of their remaining excess utility balance;

    b.    If the remaining excess utility balance is equal or less than $1,200.00 (before applying the down payment), the tenant will be permitted to pay the balance over a 12-month period, in equal installments;

    c.    If the remaining excess utility balance is greater than $1,200.00 (before applying the down payment), the tenant will be permitted to pay the balance over a 24-month period, in equal installments.

    d.    All other terms of the payment arrangement will be consistent with the relevant provisions contained in Chapter 19 of RRHA's ACOP.

25. Within 60 days after final approval of this settlement agreement, RRHA shall disburse $100,000.00 for attorneys' fees and costs in a check made payable to the Legal Aid Justice Center.

26. All current and former tenants will receive an amount equivalent to at least 22% of the excess utility surcharges charged to them between November 1, 2012, to November 1, 2016.

### Notice of Settlement

27. RRHA provided the best practicable notice to all class members and mailed individual notice to class members whose addresses could be determined. RRHA shall be responsible for providing notice to all members of the Settlement Class and distributing the settlement proceeds.

28. RRHA mailed the approved Notice of Class Action Settlement (Preliminary Approval Order, Attachment 4, Dkt. No. 21-2), as well as the revised class notice (Dkt. No. 28-1), to each of the Class Members who could be located. The Notice of Class Action Settlement described the following: the nature of this action; the definition of the class certified; the class claims and issues raised; the proposed amounts to be distributed for reimbursements; percentage of excess utility fees that class members will be reimbursed; that class members have the right to hire an attorney; that the court will exclude any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect

of a class judgment on class members. This Notice also advised Class Members that they may contact Class Counsel if they would like further information.

29. After notices were sent out to 7,236 class members initially, a total of 1,495 notices were returned undeliverable to RRHA prior to the May 15 opt-out date. RRHA performed locations services on all 1,495 notices and identified better addresses for 949 of those tenants. For the remaining 546 tenants, no new address information was obtained after attempting relocation. Consequently, over 90% of tenants were identified as having a good address. For 28 people who were never sent notice, they have been provided an opportunity to opt into the settlement if they choose to do so.

30. RRHA shall implement a process to send those 28 class members who were never sent notice a cover letter explaining this oversight, providing the notice that should have been sent and its detailed attachment, and giving those people an opportunity to opt into the settlement prior to any distribution. If any of those 28 people do not opt into the settlement, they will be considered to have opted out and their claims shall not be waived.

### Objection, intervention, or opt-out

31. Two Class Members opted out.

32. Two objections were received which set forth a unique set of circumstances and asserted that the payment amount was inadequate. This objection raised no issues as to whether the terms of the Settlement Agreement were fair, adequate, and reasonable for the class. This objection is overruled.

33. No Class Member has sought to intervene.

34. If an appeal is filed which does not set aside this settlement, any payment or form of other consideration provided to any intervenor or objector must first be presented to the Court for approval by motion. The motion that is made on behalf of any objector or intervenor must separately identify the consideration to be provided to the objector or intervenor, any attorney's fees that are to be paid, and the benefit that the objector or intervenor conferred upon the class.

### Distribution of money

35. Each named Plaintiff and Class Member's proportionate total share of the Settlement Fund to be distributed from the Settlement Fund will be calculated as follows:

    (a) Each named Plaintiff and Class Member, excluding the two who opted out, who were mailed a notice and entitled to an award under this settlement will receive their percentage recovery as listed on their Attachment A to the Notice of Proposed Class Action Settlement.

    (b) Because, due to accounting errors made by RRHA, the settlement award amount has increased from $595,000.00 to $815,601.87, and amount of the settlement award may have changed since receiving their Attachment A:

        i. Upon distribution of the credits to current tenants, RRHA shall include an account settlement statement in each tenant's rent statement that updates and summarizes the same information they received in their Attachment A to the notice.

        ii.      Upon distribution of checks to former tenants, RRHA shall include an account settlement statement with the check sent to each tenant that updates and summarizes the same information they received in their Attachment A to the notice.

  (c)    In consideration for their commitment to the pursuit of the claims in this action on behalf of themselves and the Class, the individual named Plaintiffs in this action will receive $5,000.00 from the Settlement Fund. This represents an incentive award of $1,000.00 to each named Plaintiff household for participation as a class representative to cover the expenses incurred for attending meetings and hearings as well as personal time spent advancing the litigation and the personal risk they took in speaking out for their rights. This amount is within the normal range for incentive awards of class actions of this size. The $1,000.00 award shall be made payable by check and mailed to each named Plaintiff household.

  (d)    The settlement funds shall remain in escrow pending the resolution of any appeal from this order. If such an appeal is successful, the funds shall be returned to the Defendants should they so elect.

### Disposition of Unclaimed Funds (*Cy Pres*)

36. For checks to former tenants, if the refund check sent has not been cashed within 90 days of the check issue date, RRHA shall keep that credit on their accounting system as a positive balance for seven (7) years to be available to be claimed by the former tenant if the tenant contacts RRHA; after seven (7) years, any unclaimed funds are to be placed into a separate energy efficiency fund administered by RRHA for the benefit of

existing RRHA public housing residents who need assistance maintaining energy efficient homes.

### Attorneys' fees and costs

37. This settlement includes $100,000.00 in attorneys' fees, payable to Legal Aid Justice Center and represents only a portion of the total hours spent by Plaintiffs' attorneys on this case multiplied by the lodestar rates of those attorneys representing reasonable rates for attorneys of comparable experience in the same market area.

### Continuing Jurisdiction

38. The Court shall have continuing jurisdiction, during the term of this Agreement, to enforce this Settlement Agreement's terms, and to enforce the Final Judgment.

Approved and entered this 10th day of July, 2018.

/s/
John A. Gibney, Jr.
United States District Judge